UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MARQUEAL HEWING**,

                Plaintiff,

v.                           **Case No. 15-cv-753-pp**

**STATE OF WISCONSIN, et al.**,

                Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DKT. NO. 2) AND SCREENING PLAINTIFF'S COMPLAINT**

---

The plaintiff, who is incarcerated at the Milwaukee County Jail, filed a *pro se* complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights.[1] The case comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis* and for screening of the plaintiff's complaint.

**I.    MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

The Prison Litigation Reform Act applies to this action because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the

---

[1] Originally, Antwan Bogan was also a plaintiff in this lawsuit; however, he filed a notice of voluntary dismissal on August 20, 2015, and has been dismissed as a plaintiff.

1

initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On June 26, 2015, the court issued an order directing the plaintiff to pay an initial partial filing fee of $54.51. Dkt. No. 6. The plaintiff paid an initial partial filing fee of $55.00 on July 21, 2015. The court will grant the plaintiff's motion for leave to proceed *in forma pauperis*, and will allow the plaintiff to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

## II. SCREENING OF PLAINTIFF'S COMPLAINT

### A. Standard for Screening Complaints

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss part or all of a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is "based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. "Malicious,"

although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in *Twombly*. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support legal conclusions

3

with factual allegations. *Id.* Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

B.   Facts Alleged in the Complaint

According to the complaint, Milwaukee County police officials arrested the plaintiff on November 26, 2014. Dkt. No. 1 at 3. The cover sheet of the probable cause statement indicated that the plaintiff was arrested without a warrant. Milwaukee County Sheriff's Department officials then took the plaintiff into custody. Id.

The plaintiff states that he was held in jail for two weeks before District Attorney John Chisholm of the Milwaukee County District Attorney's Office formally charged him with a crime. The plaintiff also states that, as of the time of the complaint, he had spent nearly nine months in jail without a probable cause determination. Id. at 4.

4

C.   Legal Analysis of Alleged Facts

"The law requires a 'prompt' judicial determination of probable cause after a person is taken into custody." *Kyle v. Patterson*, 196 F.3d 695, 696 (7th Cir. 1999) (citing *Gerstein v. Pugh*, 420 U.S. 103 (1975)). In the context of a warrantless arrest, "prompt" generally means that a probable cause determination must occur within forty-eight hours. *Id.*

The plaintiff's allegations that he remained incarcerated for two weeks before formal charges were filed and for nearly nine months without a probable cause determination are sufficient to state a claim that his rights under the Fourth Amendment have been violated.

The problem is that the plaintiff has not named a defendant against whom his claims can be stated. The plaintiff names as defendants: The state of Wisconsin, the Milwaukee County Judiciary System, Chief of the Milwaukee County Police Department Edward Flynn, Sheriff of Milwaukee County David Clarke, John Chisholm of the Milwaukee County District Attorney's Office, and the Milwaukee County Public Defender's Office. For the reasons explained below, none of these people or entities are proper defendants.

First, the plaintiff has named the Milwaukee County Sheriff and the Chief of the Milwaukee County Police Department, yet the complaint does not mention either one being present or having any part in the events the plaintiff describes. While the plaintiff may have named the sheriff and chief of police because he assumes they were the supervisors of whomever the plaintiff believes deprived him of his constitutional rights, 42 U.S.C. §1983 does not

5

allow plaintiffs to sue supervisors for the errors of their subordinates. *See Pacelli v. deVito*, 972 F.2d 871, 878 (7th Cir. 1992); *West By and Through Norris v. Waymire*, 114 F.3d 646, 649 (7th Cir. 1997)("[T]he doctrine of respondeat superior is not available to a plaintiff in a section 1983 suit."). Instead, a plaintiff must identify the particular individuals who he believes deprived him of his rights.

Similarly, the Milwaukee County Public Defender's Office is a government entity, and, just as §1983 does not make supervisors liable for the actions of the people they supervise, it does not make government entities automatically liable for the acts of the people they employ. *See, e.g.*, *Warner v. City of Terre Haute, Ind.*, 30 F. Supp. 2d 1107, 1120 (S.D. Ind. 1998) (citations omitted). Only when a plaintiff alleges, and shows, that the government entity had an "express . . . policy, widespread custom, or deliberate act of a decision-maker for [the government entity], which proximately caused [the plaintiff's] injury," may a plaintiff state a §1983 claim against a government entity. *Davis v. Carter*, 452 F.3d 686, 691 (7th Cir. 2006) (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91 (1978)). Because the plaintiff in this case has not alleged any such policy, custom or deliberate act of a decision-maker, his complaint does not state a claim against the government entity he has named as a defendant.

Next, the plaintiff cannot sue the state of Wisconsin because a state is not a "person" subject to damages under §1983. *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003). In addition, even if plaintiff sought only

6

injunctive relief, the plaintiff could not sue the state of Wisconsin because, as stated above, §1983 does not make government entities automatically liable for the acts of the people they employ.

Finally, the allegations involving District Attorney Chisholm and the Milwaukee County Judiciary System relate to the performance of judicial or prosecutorial actions, making those defendants immune from suit. *See Stump v. Sparkman*, 435 U.S. 349, 357 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 424-25 (1976). Even if judges were not immune from liability for their judicial acts, the plaintiff has not identified a particular judge, nor has he identified a custom, practice or policy of the Milwaukee County Judiciary which resulted in a violation of his rights.

In short, the plaintiff fails to state a claim against any of the defendants he names. The court will allow the plaintiff to file an amended complaint naming those specific individuals directly involved in the allegations he makes in his complaint, or describing any entity practices or procedures. If the plaintiff wants to proceed, he must file an amended complaint on or before **Monday, October 12, 2015**. The court may dismiss this action if the plaintiff does not file an amended complaint by the end of the day on October 12.

The court advises the plaintiff that he has to put the docket number assigned to this case on the amended complaint, and must call it in the title, "Amended Complaint." The amended complaint, if the plaintiff files it, will replace the prior complaint, and must be complete in itself, without referring back to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub.*

7

*Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If the plaintiff files an amended complaint by the deadline the court has set, the court will screen it pursuant to 28 U.S.C. § 1915A.

## III. CONCLUSION

The court **ORDERS** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

The court further **ORDERS** that on or before **Monday, October 12, 2015**, the plaintiff shall file an amended complaint, addressing the problems the court identifies above.

The court further **ORDERS** that the Milwaukee County Sheriff or his designee shall collect from the plaintiff's prison trust account the $245.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). Please clearly identify the payments by the case name and number assigned to the case.

The court will mail a copy of this order to the Milwaukee County Sheriff and to Maricela Castillo and Mary Wenten at the Milwaukee County House of Corrections.

8

Case 2:15-cv-00753-PP   Filed 09/03/15   Page 8 of 9   Document 13

The court further **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

THE PLAINTIFF MUST NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. That will only delay the processing of the case. The court further advises the plaintiff that failure to timely file documents or pleadings may result in the court dismissing the case for failure to prosecute.

In addition, the parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee this 3rd day of September, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge