UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**MARQUEAL HEWING**,

              Plaintiff,

v.                          **Case No. 15-cv-753-pp**

**THOMAS OZELIE, et al.**,

              Defendants.

**DECISION AND ORDER SCREENING
PLAINTIFF'S AMENDED COMPLAINT (DKT. NO. 15), DISMISSING CERTAIN
DEFENDANTS, AND STAYING PROCEEDINGS**

The plaintiff, who is a pretrial detainee incarcerated at the Milwaukee County House of Correction, filed a *pro se* complaint under 42 U.S.C. §1983. Dkt. No. 1. On September 3, 2015, the court ordered the plaintiff to file an amended complaint to address problems the court had identified in the plaintiff's original complaint. Dkt. No. 13. The plaintiff filed an amended complaint on September 24, 2015. Dkt. No. 15. The court will now screen the amended complaint.

**II.**    **SCREENING OF PLAINTIFF'S COMPLAINT**

    A.    <u>Standard for Screening Complaints</u>

The law requires the court to screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss part or all of a complaint if the plaintiff raises claims that are

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is "based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has

2

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

3

B.  Facts Alleged in the Amended Complaint

According to the amended complaint, the Milwaukee Police Department arrested the plaintiff on November 26, 2014, without a warrant and without probable cause. Dkt. No. 15 at 1. The plaintiff also alleges that he never received an initial appearance before a judge, nor was he given a "'prompt' 48 hr. probable cause determination." Id.  The plaintiff contends that "the Milwaukee police filled out the[ir] portion of the CR. 215 form. But that was it." Id.  The plaintiff maintains he has been falsely incarcerated for ten months. Id.[1]

The plaintiff also alleges that the "Milwaukee County DA's office endorsed a[n] information complaint on Mr. Marqueal D. Hewing on the 10th day of Dec. 2014 two weeks after [his] arrest." Dkt. No. 15 at 2. The plaintiff argues that the information complaint should not have "been endorsed or even brought forward if [he] never received a probable cause determination." Id. He states that "the State is attempting to take [him] to trial on these bogus and fraudulent charges while at the same time continuing to violate one's rights." Id. The plaintiff contends that "Nathaniel A. Adamson stated that [the plaintiff] had a probable cause determination on November 30, 2014 at [his] initial appearance hearing. This would constitute that this was done well outside of the 48 hr. rule." Id. The plaintiff contends there is no transcript of the alleged "probable cause determination on Nov. 28, 2014 at 2:37 p.m. by the Honorable

---

[1] The plaintiff adds, "Mr. Alfredo has an extensive criminal history with the use of dangerous weapons. He was captured on camera with a firearm which to my understanding he should never been in possession of due to the fact that he is a felon in the state of Wisconsin." Dkt. No. 15 at 1. The court does not see how this statement is relevant to the allegations in the plaintiff's compliant, so the court will disregard the allegation.

4

J.C. Moore Commissioner." Id. In addition to Adamson and Moore, the plaintiff lists Randy Sitzberger and Nicole Sheldon in connection with these allegations (perhaps as defendants?), although he does not explain how they were involved.

Finally, the plaintiff alleges that Jeffrey Schwarz and Michael S. Holzman, who were appointed by the Milwaukee County Public Defender's Office to represent the plaintiff, violated the plaintiff's rights when they withdrew from his case after he brought to their attention his allegations that his rights were being violated. Id. at 3. The plaintiff contends "it is the duty of the lawyer to conduct a 'prompt' investigation of the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction." Id.

The plaintiff seeks "a decision to bring about the truth in this untrueful [sic] matter" and "would like the court to consider monetary damages that has caused a great deal of injury to one's life [and] liberty . . . ." Id. at 4.

C. Legal Analysis of Alleged Facts

The plaintiff does not state claims against Randy Sitzberger, Nicole J. Sheldon, or Nathanial E. Adamson, whom he appears to allege were members of the Milwaukee County District Attorney's Office. Nor does he state a claim against Milwaukee County Court Commissioner J.C. Moore. The allegations directed at these defendants relate to the performance of prosecutorial functions (in the case of Sitzberger, Sheldon and Adamson) or judicial functions (in the case of Commissioner Moore); as such, those defendants have

5

absolute immunity from suit. See Stump v. Sparkman, 435 U.S. 349, 357 (1978); Imbler v. Pachtman, 424 U.S. 409, 424-25 (1976). In addition, he makes no factual allegations of any wrong-doing against ANY of these defendants. He states only that Adamson made a statement that would seem to corroborate the plaintiff's claim that he didn't get a hearing in forty-eight hours—it is not clear how making this statement violated the plaintiff's rights. He doesn't make any allegations that Sitzberger, Sheldon or Commissioner Moore did anything to violate his rights.

Nor does the plaintiff state claims against Jeffrey Schwarz or Michael S. Holzman of the Milwaukee Public Defender's Office. The Supreme Court has noted that, with regard to a §1983 claim, "a public defender does not act under color of state law when performing a lawyer's traditional functions a counsel to a defendant in a criminal proceeding." Polk County v. Dodsen, 454 U.S. 312, 325 (1981). As such, a plaintiff cannot state a §1983 claim against a public defender for alleged ineffective assistance of counsel.

The plaintiff names Milwaukee County Police Officers Thomas Ozelie, Joshua Nemeth, Scott Iverson and Gary Post, as well as Sergeant Christopher Elser, in his allegation that he was arrested without probable cause. A warrantless arrest is valid under the Fourth Amendment only if probable cause to make an arrest for any crime exists at the time of the arrest. Swanigan v. Trotter, 645 F.Supp.2d 656, 674 (N.D. Ill. 2009) (citing Beck v. Ohio, 379 U.S. 89, 90 (1964); Holmes v. Vill. of Hoffman Estates, 511 F.3d 673, 682 (7th Cir. 2007)). In addition, when an arrest is made without a warrant, "The law

6

requires a 'prompt' judicial determination of probable cause after a person is taken into custody." Kyle v. Patterson, 196 F.3d 695, 696 (7th Cir. 1999) (citing Gerstein v. Pugh, 420 U.S. 103 (1975)). In the context of a warrantless arrest, "prompt" generally means that a probable cause determination must occur within forty-eight hours. Id.

Because the plaintiff alleges that he was arrested without probable cause, and was not given a hearing within forty-eight hours, the plaintiff might have a Fourth Amendment claim against *someone*. But nowhere in the complaint does he state which of the police officers he named did what. He simply says that the "Milwaukee Police Department" arrested him without probable cause, and that he did not get a hearing. Which of these officers arrested him? All of them? Which one prevented him from getting a prompt hearing? How did that officer or officers prevent him from receiving a prompt hearing? Was it the officers who prevented him from getting the hearing, or the court?

Further, according to the plaintiff's complaint and relevant court records, the plaintiff's criminal case in Wisconsin state court is still open. The Milwaukee County Circuit Court found the plaintiff guilty on two counts on November 4, 2015, and on December 17, 2015, sentenced him to eight years on one count and four on the other. See State of Wisconsin v. Marqueal D. Hewing, Milwaukee County Case No. 2014CF5354, available at https://wcca.wicourts.gov. On December 23, 2015, the plaintiff filed a notice of

7

intent to seek post-conviction relief; no briefs have been filed as of the date of this order. Id.

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court instructed that "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." Gakuba v. O'Brien, 711 F.3d 751, 753 (7th Cir. 2013). Here, the plaintiff's claims regarding his arrest and detention pending trial are likely going to be considered in his post-conviction proceedings. "Deciding those issues in federal court could undermine the state court proceedings." See id. This court, therefore, must abstain from deciding them until after the state court proceedings are finished. Because monetary relief is not available to the plaintiff in his defense of criminal charges and because his claims may become time-barred by the time the state proceedings are concluded, the court will stay this case pending the outcome of the state court proceedings. Once the state court proceedings are complete, however, the court likely will require the plaintiff to amend his complaint, to make clear which police officers violated his Fourth Amendment rights, and how.

### III.  CONCLUSION

The court **ORDERS** that defendants Randy Sitzberger, Nicole J. Sheldon, Nathanial E. Adamson, Commissioner J.C. Moore, Jeffrey Schwarz, and Michael S. Holzman are **DISMISSED** as defendants.

8

The court further **ORDERS** that all further proceedings regarding the plaintiff's Fourth Amendment claims are **STAYED** pending the conclusion of the state court proceedings relating to the plaintiff's November 2014 arrest.

The court **ORDERS** that the plaintiff shall notify the court when the state court proceedings have concluded so that the court may lift the stay. The plaintiff shall notify this court by filing a notice, explaining when the state court proceedings concluded and what the result of those proceedings was.

Dated in Milwaukee, Wisconsin this 11th day of January, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge