# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARQUEAL HEWING**,

        Plaintiff,

v.                                                         **Case No. 15-cv-753-pp**

**THOMAS OZELIE, et al.**,

        Defendants.

## DECISION AND ORDER LIFTING STAY AND ALLOWING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

The plaintiff, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights during the course of his arrest and subsequent detention. Dkt. No. 1. On September 3, 2015, the court ordered the plaintiff to file an amended complaint, which he did on September 24, 2015. Dkt. No. 15. The court screened the plaintiff's amended complaint on January 11, 2016. Dkt. No. 16.

In that decision, the court explained why the plaintiff had failed to state claims against defendants Randy Sitzberger, Nicole J. Sheldon, Nathaniel E. Adamson, J.C. Moore, Jeffrey Schwarz and Michael S. Holsman. Having dismissed these defendants, the only claim left for the plaintiff to pursue was his allegation that he was arrested without probable cause and denied a prompt hearing. The court explained that the plaintiff might have a Fourth Amendment claim against *someone* based on his allegations that he was arrested without probable cause and was not given a hearing within forty-eight

1

hours. Id. at 7. The court observed, however, that nowhere in the plaintiff's amended complaint did he state which of the named police officers had arrested him, or had played a part in allegedly denying him a hearing within forty-eight hours. Id. The plaintiff had stated only that the "Milwaukee Police Department" had arrested him without probable cause, and that he did not get a timely hearing. Id.

Finally, the court noted that in state court, the plaintiff had filed a notice of intent to seek post-conviction relief, and that the plaintiff's claims regarding his arrest and detention pending trial were likely to be considered in those post-conviction proceedings. Id. As a result of this last observation, the court stayed this federal §1983 case pending the outcome of the state court proceedings. Id. at 8. It instructed the plaintiff to notify the court once the state court proceedings were concluded, so that the court could lift the stay and the plaintiff could file a second amended complaint identifying which officers had allegedly violated his Fourth Amendment rights and how.

On August 8, 2016, the plaintiff filed a letter informing the court that the litigation relating to his state law criminal case (Milwaukee County Case No. 2014CF5354) had been resolved, and asking the court to lift the stay. Dkt. No. 18. The court will grant the plaintiff's request to lift the stay.

In addition, as stated in the court's January 11, 2016 order, the court will allow the plaintiff to file an amended complaint, addressing the problems it identified in his September 24, 2015 amended complaint. Specifically, if the plaintiff wants to proceed with his lawsuit, he must file a second amended

2

complaint that clearly sets forth the who, what, when, where, and how of the alleged Fourth Amendment violation. The plaintiff should closely review the court's January 11, 2016 order for guidance. If the plaintiff chooses to file an amended complaint, he must do so on or before **September 19, 2016**. If he chooses not to file an amended complaint by the deadline, the court will dismiss his lawsuit without further notice or hearing.

The second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." The second amended complaint will take the place of the first amended complaint, which means that it must be able to stand on its own without reference to the original complaint or the first amended complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In Duda, the appellate court explained that the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" Id. at 1057 (citation omitted). If the plaintiff files a second amended complaint, the court will screen it pursuant to 28 U.S.C. §1915A.

## CONCLUSION

The court **LIFTS THE STAY** imposed in its January 11, 2016 (Dkt. No. 16). The court further **ORDERS** that on or before **September 16, 2016**, the plaintiff, if he chooses to, shall file a second amended complaint addressing the problems in his amended complaint that the court describes in this decision and in its January 11, 2016 decision. If the plaintiff chooses not to file a

3

second amended complaint by the deadline, the court will dismiss this lawsuit without further notice or hearing.

Dated in Milwaukee, Wisconsin this 15th day of August, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

4

Case 2:15-cv-00753-PP   Filed 08/15/16   Page 4 of 4   Document 19