MARQUEAL HEWING,

                Plaintiff,

v.                                          Case No. 15-cv-753-pp

THOMAS OZELIE, and
ALLAN TENHAKEN,

                Defendants.

**DECISION AND ORDER SCREENING THE PLAINTIFF'S SECOND AMENDED COMPLAINT (DKT. NO. 23)**

      The plaintiff, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the "Milwaukee Police Department" violated his Fourth Amendment rights during his arrest. Dkt. No. 1. On September 3, 2015, the court ordered the plaintiff to file an amended complaint, to address several problems that the court identified in the original complaint. Dkt. No. 13. The plaintiff filed an amended complaint on September 24, 2015, dkt. no. 15, but after the court reviewed it, the court concluded that the amended complaint hadn't resolved the issues it had identified, and it ordered the plaintiff to file a second amended complaint. Dkt. No. 16. Specifically, the court explained that the plaintiff might have a Fourth Amendment claim against *someone* based on his allegations that he was arrested without probable cause and was not given a hearing within forty-eight hours, but that the "Milwaukee Police Department" was not a suable entity

1

under §1983. See Dkt. Nos. 16, 19, 22. On October 17, 2016, the plaintiff filed a seconded amended complaint, dkt. no. 23, which the court screens below.

## II. SCREENING OF PLAINTIFF'S COMPLAINT

### A. Standard for Screening Complaints

The law requires the court to screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss part or all of a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is "based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead

2

specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v.

3

Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); *see also* Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.  Facts Alleged in the Second Amended Complaint

On November 26, 2014, Milwaukee County Police Officers Allan Tenhaken and Thomas Ozelie arrested the plaintiff without a warrant on the 2400 block of West Wisconsin Avenue. Dkt. No. 23 at 1. "The Milwaukee Police had no probable cause" to arrest the plaintiff, and "the Milwaukee County Justice System" did not follow "the proper steps and procedures . . . in prosecuting the []plaintiff." Id. The plaintiff "was charged with two offenses, processed to the Milwaukee County Jail, [b]ooked and t[a]k[en] through the procedures in prosecuting [him.]"

The plaintiff's defense attorney, Richard Hurt, asked that the District Attorney's office send him a copy of the probable cause determination. Id. "[T]hey indicated that they did not have one." Id. Attorney Hurt also went to the District Attorney's office to "personally review the court file in trying to obtain the probable cause and judicial determination form" and he "determined that there was 'no such file' in the court file." Id.

The plaintiff goes on to allege that "[a]ccording to the original CR-215 document it was not properly endorsed by a judge or a commissioner and is a

4

direct violation of the 'Riverside Rule.'" Id. 2-3. "A 'new' probable cause and judicial determination form was 'mysteriously' found months later…and could not have been the authentic original copy of the probable cause statement and judicial determination form which was not endorsed by a judge or commissioner." Id. at 3. The "new" probable cause determination was endorsed by Commissioner J.C. Moore. Id.

C. Analysis

The Fourth Amendment protects an individual's right to be "secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and provides that "no [w]arrants shall issue, but upon probable cause." U.S. CONST. AMEND. IV. Following a warrantless arrest, the Fourth Amendment requires timely judicial determination of probable cause. Gerstein v. Pugh, 420 U.S. 103, 114 (1975). A probable cause determination made within forty-eight hours of arrest is presumptively "prompt." County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991). After forty-eight hours, the burden shifts to the government to demonstrate the existence of a *bona fide* emergency or other extraordinary circumstance to justify the delay. Id. at 57. The forty-eight-hour timeframe referenced in County of Riverside seeks to accommodate arraignment procedures that differ from state to state while still protecting an individual's liberty rights. Id.

The second amended complaint asserts that defendants Ozelie and Tenhaken arrested the plaintiff without probable cause. Dkt. No. 23 at 1. That is the only reference in the second amended complaint to any individual

5

defendant doing anything. The remainder of the second amended complaint still refers to "the Milwaukee police" as the actors who "did not have probable cause to arrest him" and who did not complete the "Probable Cause and Judicial Determination Form" that the plaintiff asserts is required by <u>County of Riverside</u> for warrantless arrests. The plaintiff still has not told the court what individual humans prevented him from getting a probable cause hearing.

The amended complaint also asserts that

> a "new" Probable Cause and Judicial Determination Form was *mysteriously* found months later and should be considered, could not have been the "authentic original" copy of the Probable Cause Statement and Judicial Determination Form, which was not endorsed by a Judge or Commissioner. The '"new" Probable Cause and Judicial Determination had been endorsed by the commissioner J.C. Moore and my understanding that this was inconsistent with the "authentic original" copy that I have.

Dkt. No. 23 at 3. The plaintiff alleges that this "new" form constituted a violation of Wis. Stat. §§970.01(2) and 971(2), and he asks the court to "consider that this whole process was null and void." <u>Id.</u>

After three tries, the plaintiff has alleged that defendants Ozelie and Tenhaken arrested him without probable cause. The court will allow the plaintiff to proceed against defendants Ozelie and Tenhaken on the claim that they arrested him without probable cause, in violation of his Fourth Amendment rights.

After three tries, the plaintiff has failed to identify who prevented him from getting a probable cause hearing within forty-eight hours. Was it the two arresting officers? Was it an assistant district attorney? Was it a court

6

commissioner, or a judge? He says that the "Milwaukee County Justice System" did not use the proper steps or procedures, but does not say who in that system kept him from getting a probable cause hearing within forty-eight hours. The court will not allow him to proceed on that claim.

Finally, the court will not allow the plaintiff may to proceed with his claims that someone intentionally altered or doctored documents in his criminal file because he does not allege who took these actions. Such allegations sound a bit like a claim for malicious prosecution. To prove malicious prosecution under Wisconsin law, the plaintiff would have to prove, among other things, *who* took the steps to maliciously prosecute him, and he would have to prove that the prosecution terminated in his favor. <u>Wisconsin Public Serv. Corp. v. Andrews</u>, 316 Wis.2d 734, 747 (Wis. Ct. App. 2009). Again, the plaintiff has failed to identify who might have doctored or tampered with the forms in his file, and he cannot prove that the prosecution terminated in his favor because he was convicted. <u>See</u> <u>State v. Hewing</u>, Milwaukee County Circuit Court case number 2014CF005354, available on https://wcca/wicourts/gov.

### III. CONCLUSION

The court **ORDERS** that plaintiff may proceed with one one claims—his claim that Thomas Ozelie and Allan Tenhaken arrested him without probable cause in violation of the Fourth Amendment.

The court further **ORDERS** that pursuant to the informal service agreement between Milwaukee County and this court, copies of the plaintiff's

7

complaint and this order are being electronically sent to Milwaukee County for service on Thomas Ozelie and Allan Tenhaken.

The court also **ORDERS** that, pursuant to the informal service agreement between Milwaukee County and this court, Thomas Ozelie and Allan Tenhaken shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

Dated in Milwaukee, Wisconsin this 28th day of December, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge