UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARQUEAL HEWING,

          Plaintiff,

v.                                        Case No. 15-cv-753-pp

THOMAS OZELIE, *et al.*,

          Defendants.

**DECISION AND ORDER DENYING THE PLAINTIFF'S MOTION FOR INTERROGATORY DISCOVERY AND MOTION TO APPOINT COUNSEL (DKT. NO. 39), AND ORDERING THE PLAINTIFF TO FILE HIS RESPONSE TO THE DEFENDANTS' MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT BY AUGUST 7, 2017**

The plaintiff filed this lawsuit on June 22, 2015. Dkt. No. 1. The court required him to amend the complaint several times; he filed his second amended complaint on October 17, 2016. Dkt. No. 23. The court screened that complaint, and allowed the plaintiff to proceed on a single claim: that Thomas Ozelie and Allan Tenhaken arrested him without probable cause in violation of the Fourth Amendment. Dkt. No. 24 at 7. The plaintiff also asserted in his complaints that he did not get a probable cause hearing within forty-eight hours of his arrest; although the court allowed him to try three times, the plaintiff never stated who it was who prevented him from getting a timely probable cause hearing, and the court did not allow him to proceed on that claim. Id. at 6.

On April 3, 2017, defendants Thomas Ozelie and Allan Tenhaken filed a combined motion to dismiss under Fed. R. Civ. P. 12(b)(6) and motion for summary judgment. Dkt. No. 34. The defendants filed this motion as a response to the plaintiff's second amended complaint (dkt. no. 23). The defendants attached to that motion a copy of the local rules governing motions for summary judgment, dkt. no. 34 at 2; Civil L.R. 56(c) requires a party who opposes a motion for summary judgment to file his brief and other documents within thirty (30) days of service of the motion. The defendant served the motion on April 3, 2017, dkt. no. 37, which means the plaintiff's response was due May 3, 2017. As of today's date, the plaintiff has not filed a response.

On May 1, 2017, however, the plaintiff filed a document which he called "motion for interrogatory discovery and motion to appoint counsel." Dkt. No. 39. The plaintiff indicates that he believes his case is very complex to handle, and that he's been trying to handle it himself, with help from jailhouse lawyers. He says he did not realize the case would be so difficult. He asks if he is able to "retain" a lawyer, and if he can "put in a motion for an interrogatory discovery." Id. at 1. He also asks for some time to go over the discovery material, to help him provide the court "with the names of the defendants involved in the process of scheduling the probable cause hearing." Id. He says that he never had a chance to challenge the legitimacy of his criminal case. Id.

The defendants object to the second part of the plaintiff's request—the part where he asks to file interrogatory discovery, and to have time to review the responses. Dkt. No. 40. The defendants argue that one of the documents

they filed in support of the motion to dismiss/motion for summary judgment is a document that shows that the plaintiff did get a probable cause hearing within forty-eight hours of his arrest, and that there is evidence which shows that the defendants had probable cause to arrest the plaintiff. Given that, the defendant argues, the plaintiff cannot prevail whether he names two defendants or ten. <u>Id.</u> at 2-4. The defendants do not object to the court giving the plaintiff additional time to respond to their motion.

A.    <u>Motion to Appoint Counsel</u>

In a civil case, the court has discretion to recruit a lawyer for someone who cannot afford one. <u>Navejar v. Iyola</u>, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); <u>Ray v. Wexford Health Sources, Inc.</u>, 706 F.3d 864, 866-67 (7th Cir. 2013). However, the litigant first must make reasonable efforts to hire private counsel on his own. <u>Pruitt v. Mote</u>, 503 F.3d 647, 653 (7th Cir. 2007). In order to demonstrate this, the plaintiff must provide the court with proof that he has contacted at least three lawyers and asked them to represent him, and that they have declined. A plaintiff may demonstrate this by providing the court with a list of the names and addresses of the attorneys he has contacted, or with copies of their rejection letters.

The plaintiff has not satisfied the first <u>Pruitt</u> factor—he has not provided the court with any proof that he has tried to find an attorney on his own. The court will deny without prejudice the plaintiff's motion to appoint counsel; this means that he can renew the motion once he has made attempts to find a lawyer himself.

B. Request to Conduct Interrogatory Discovery

Regarding the plaintiff's request to "put in a motion for interrogatory discovery" to identify the John Does who failed to schedule his probable cause hearing, the plaintiff's request is premature. The plaintiff first must respond to the defendants' motion to dismiss/motion for summary judgment. It may be that, in reading through the documents the defendants filed in support of their motion to dismiss/motion for summary judgment, the plaintiff may find out the names of some of the people who were involved in setting probable cause hearings. Regardless, if the court denies the defendants' motion, the court will enter a scheduling order, which will include deadlines for conducting discovery and filing other kinds of motions.

C. Plaintiff's Response to the Defendants' Motion

As the court noted above, the defendants have filed a motion to dismiss this case and, in the alternative, have asked the court to grant summary judgment in their favor. Dkt. No. 34. If the plaintiff wants to go forward with the case—if he wants the court to deny the defendants' motion—his next step is to file a brief in opposition to the motion, explaining why the court should not dismiss the case. The plaintiff should be able to look at the documents that the defendants have filed—their motion, their brief, the declaration of their lawyer, and the documents attached to that declaration—and explain, in plain English, why those documents fail to show that the defendants had probable cause to arrest the plaintiff. He does not have to use fancy legal language, or even cite case law. He simply can explain why the documents don't show

4

probable cause, and if he has any documents (including his own affidavit) that support his arguments, he should file those, as well. The court will give the plaintiff time to file these documents.

D. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for interrogatory discovery and motion to appoint counsel. Dkt. No. 39.

The court **ORDERS** that if the plaintiff wants to oppose the defendants' motion to dismiss/motion for summary judgment, he should file his brief and supporting documents in time for the court to receive them by the end of the day on **August 7, 2017**.

Dated in Milwaukee, Wisconsin this 23rd day of June, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**
